UNITED STATES of America, Plaintiff–
Appellant, Cross–Appellee,

v.

Denny L. GOFF, Defendant–Appellee,
Cross–Appellant.

Nos. 91–4031, 91–4097.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 12, 1992.

Decided Sept. 20, 1993.

David A. Sierleja, Office of the U.S. Atty. (argued and briefed), Cleveland, OH, for plaintiff-appellant, cross-appellee.

Mary Jane Stephens (argued and briefed), Youngstown, OH, Richard F. Schwartz, Warren, OH, for defendant-appellee, cross-appellant in No. 91–4031.

Mary Jane Stephens (argued and briefed), Sam Amendolora, Youngstown, OH, Richard F. Schwartz, Warren, OH, for defendant-appellee, cross-appellant in No. 91–4097.

Denny L. Goff (briefed), Springfield, MO.

Before: JONES and RYAN, Circuit Judges; and PECK, Senior Circuit Judge.*

RYAN, Circuit Judge.

The government appeals Denny Goff's sentence after a conviction for drug trafficking and illegal possession of firearms. Goff cross-appeals the district court's denial of his motion to suppress evidence. We shall affirm Goff's conviction, but vacate his sentence.

### I.

Goff, along with a codefendant, was charged in a thirteen-count indictment with six counts of distributing cocaine and lysergic acid diethylamide (LSD), in violation of 21 U.S.C. § 841(a)(1). Goff was charged with three counts of possessing with the intent to distribute either cocaine, LSD, or marijuana, also in violation of section 841(a)(1). Two counts charged Goff with being in possession

---

* The Honorable John W. Peck participated in the oral argument in this case, but did not participate in this decision due to his untimely death on September 7, 1993.

of a firearm, in violation of 18 U.S.C. § 922(g)(1). The final two counts of the indictment charged him with making false statements to a firearms dealer, in violation of 18 U.S.C. § 922(a)(6).

The charges were brought after a lengthy undercover investigation of drug dealing in Trumbull County, Ohio. The indictment was based on information provided by confidential informants and undercover Trumbull County police officers who had made controlled purchases of nearly 400 "hits" of LSD, three quantities of cocaine, and a .25 caliber semi-automatic pistol at Goff's residence.

Based on an affidavit drafted by Detective Paul Monroe of the Trumbull County Drug Task Force, an Ohio magistrate issued a search warrant for Goff's home. The search produced additional evidence against Goff and his girlfriend, including drugs, cash, drug transaction records, and numerous loaded and unloaded firearms. Goff was later arrested.

In the district court, Goff filed a motion to suppress all evidence seized as a result of the warrant-authorized search. At the suppression hearing, Goff argued that the warrant had issued without a showing of probable cause. He challenged the supporting affidavit filed by Detective Monroe, charging there was no showing that the confidential informant's information was reliable. Goff also contended that Detective Monroe lacked sufficient experience to make a probable cause determination. Finally, Goff pointed out that the supporting affidavit incorrectly described his criminal record. At the suppression hearing, Detective Monroe conceded that his affidavit misstated Goff's criminal record, but maintained that the mistake was inadvertent. The district court denied Goff's suppression motion. At the conclusion of a jury trial, Goff was found guilty on all but one of the counts with which he was charged.

At the sentencing hearing, Goff was determined to be subject to a statutory minimum sentence of ten years' imprisonment, under 21 U.S.C. § 841(b)(1)(B)(v), because of prior convictions and the amount of illegal drugs in his possession. Goff asked the district court to depart downward from this sentence on the ground that, as a wheelchair-bound quadriplegic, he suffers from an extraordinary physical impairment within the meaning of U.S.S.G. § 5H1.4, p.s. (Nov. 1990). The government opposed this motion, arguing first that Goff did not suffer from an extraordinary physical impairment within the meaning of U.S.S.G. § 5H1.4, and second, that this guideline policy statement did not provide authority for the court to depart from a statutorily mandated minimum term of imprisonment.

Rejecting the government's argument, the district court concluded that Goff did suffer from an extraordinary physical impairment under section 5H1.4 and that he "should be sentenced in the context of the policy statement in § 5H1.4." The district court imposed a 120-month sentence, 60 months of which Goff was to spend "in a jail-type institution," with the remaining time to be "served in home confinement."

## II.

### A.

Goff argues in this appeal that the district court erred by denying his suppression motion. He contends that the Trumbull County Task Force's confidential informant was unreliable, that Detective Monroe was inexperienced, and that these alleged defects—coupled with the misstatement of Goff's criminal record in the supporting affidavit—caused the warrant to be issued without a showing of probable cause. Goff argues that the district court should have granted his motion to suppress the evidence seized from the search of his home. The government, in contrast, maintains that the Ohio issuing magistrate was presented with ample evidence from which probable cause for the issuance of the warrant could be found.

### B.

We review a district court's decision on a motion to suppress evidence under two standards. First, the district court's findings of fact are upheld unless clearly erroneous. *United States v. Leake,* 998 F.2d 1359, 1362 (6th Cir.1993). The district

court's legal conclusion that probable cause existed is reviewed *de novo. Id.* Second, as to the issuing magistrate's determination of probable cause, we pay "great deference," and recognize that such a finding "'should not be set aside unless arbitrarily exercised.'" *United States v. Pelham,* 801 F.2d 875, 877 (6th Cir.1986) (citation omitted), *cert. denied,* 479 U.S. 1092, 107 S.Ct. 1305, 94 L.Ed.2d 160 (1987).

■ A review of the record in this case convinces us that both the issuing magistrate and district court were correct in finding probable cause to support issuance of the search warrant. Acknowledging the factual inaccuracies in the affidavit, the evidence presented to the issuing magistrate of Goff's drug and firearms dealing was overwhelming. Numerous drug transactions were conducted by Goff, both with confidential informants monitored by law enforcement officials, and with undercover police officers themselves. A firearms purchase was likewise consummated. Several of these transactions were recorded using "body wires." Indeed, Detective Monroe's own involvement in the transactions, standing alone, would be enough for a finding of probable cause for the issuance of the warrant. The misstatement of Goff's criminal record appears to have been inadvertent and was, in any case, immaterial. We agree with the district judge's conclusion that he had "rarely seen an affidavit that more oozes with probable cause than this one."

We turn now to the sentencing issue raised by the government's appeal.

### III.

#### A.

The government contends that the district court erred in refusing to sentence Goff to the statutory minimum of ten years imprisonment, but instead, applying sentencing guidelines section 5H1.4 for defendants having "an extraordinary physical impairment". The government claims the court erroneously allowed a sentencing guidelines policy statement to trump the statutorily provided minimum mandatory sentence of ten years imprisonment. Goff argues that, given his severe disability, the district court's approach was proper.

#### B.

■ As a repeat offender convicted of possessing and distributing a significant amount of illegal drugs, Goff is subject to 21 U.S.C. § 841(b)(1)(B)(v), which provides, in relevant part:

... such person *shall be sentenced to a term of imprisonment which may not be less than 10 years* and not more than life imprisonment....

(Emphasis added.)

Against the backdrop of this statutorily mandated minimum term of ten years imprisonment are various sentencing guidelines provisions. One of these, section 5H1.4, a policy statement, provides:

Physical condition is not ordinarily relevant in determining whether a sentence should be outside the guidelines or where within the guidelines a sentence should fall. However, an extraordinary physical impairment may be a reason to impose a sentence other than imprisonment.

The district court agreed with Goff's contention that section 5H1.4 could be employed to reduce Goff's statutorily mandated sentence. We disagree.

While the district court's attempt to fashion an equitable sentence for a disabled man is understandable, it was without authority to do so either under section 841(b)(1)(B)(v), or under the sentencing guidelines. There are two reasons why the district court's approach fails.

First, Goff is subject to a statutorily mandated minimum term of ten years imprisonment for his offenses. A statutorily mandated minimum sentence cannot be reduced by a guidelines policy statement. *See Stinson v. United States,* —— U.S. ——, ——, 113 S.Ct. 1913, 1915, 123 L.Ed.2d 598 (1993). The only other federal court to have addressed the precise issue raised by Goff has concluded, as we do, that in situations like the one presented here "a term of imprisonment less than [the statutory minimum] is not permissible." *United States v. Velasquez,* 762 F.Supp. 39, 40 (E.D.N.Y.1991). As the guidelines themselves recognize, where a statutory mandatory minimum sentence and the guidelines conflict, the guidelines must yield, and the statu-

tory minimum sentence prevails. U.S.S.G. § 5G1.1(b); *see also,* U.S.S.G. § 5G1.1, comment.

Second, even if one assumes that the guidelines' provisions are applicable, the district court's sentencing approach was still impermissible. The guidelines plainly provide that home detention, established in U.S.S.G. § 5F1.2, is a sentencing option only available for sentences no longer than ten months. U.S.S.G. § 5C1.1(f); *see also,* U.S.S.G. § 5C1.1, comment. Since the sentence here is longer than ten months, home detention was not an option available to the district court. The lower court's sentence was imposed contrary to both the governing federal statute that provides for a mandatory term of ten years imprisonment, and the sentencing guidelines.

### IV.

For these reasons, the district court's denial of Goff's motion to suppress evidence is **AFFIRMED**. The district court's sentence, however, is **VACATED** and this case is **REMANDED** for resentencing consistent with this opinion.

NATHANIEL R. JONES, Circuit Judge, concurring.

I concur in the result reached in this case. The law leaves me no choice. In doing so, I am nonetheless constrained to note that this case is but the latest instance of mandatory minimum sentencing requirements intruding upon an Article III judge's ability to do justice. Common sense is removed from the sentencing process when a judge is barred from fashioning a punishment that fits the unique circumstances presented by a defendant in a particular case.

U.S. District Judge Vincent Broderick of the Southern District of New York, the retiring chairman of the Committee on Criminal Law of the Judicial Conference of the United States, voiced the frustration and outrage of the collective Bench when he recently testified before a House Judiciary Subcommittee. He called upon Congress "to repeal all current mandatory minimum sentencing provisions."

Judge Broderick, a former police commissioner of the City of New York and former federal prosecutor, declared that the "mandatory minimums are the major obstacle to the development of a fair, rational, honest and proportional federal criminal justice sentencing system." He added that "Congress has made it in many cases impossible for the judge, today, fairly and honestly to perform his or her role."

I submit that by concurring in this court's majority opinion, which the law requires me to do, I am joining in a result that is neither rational nor honest. In doing so, I am, as are all judges, compelled to close my eyes and my mind to a reality of the sentencing decision that recognizes, as Judge Broderick reminded the Congressional committee: that "the criminal as an individual human being stands in the well of the court, and there are a myriad of different considerations which should go into the judge's sentencing decision."

It may yet dawn on makers of public policy, that an unacceptable social price is being paid for this folly.