21 F.3d 429
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Alan STEARNES, Defendant-Appellant.
 No. 93-2058.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1994.
 
 Before: KEITH and MARTIN, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Gary Alan Stearnes entered a guilty plea to charges of conspiring to distribute and distribution of cocaine. He now appeals the sentence imposed by the district court, claiming that the sentencing scheme is unconstitutional. For the following reasons, we affirm the judgment of the district court.
 
 
 2
 In August 1991, the Drug Enforcement Administration launched an undercover investigation into a Detroit drug distribution operation run by Norman Anthony Brown. Over the next year, DEA agents learned that Stearnes was selling cocaine out of his home and allowing Brown, his cousin, to do the same. On August 26, 1992, the agents watched as Stearnes delivered 111.6 grams of crack cocaine to Brown and another accomplice at a local restaurant. Moments later, Brown transferred the cocaine to a confidential informant. Stearnes and his associates were arrested as they left the restaurant.
 
 
 3
 On October 28, a federal grand jury returned a five-count indictment against Brown, Stearnes, and four others. The indictment charged Stearnes with conspiring to distribute cocaine, in violation of 21 U.S.C. Sec. 846, and distribution or aiding and abetting the distribution of fifty grams or more of cocaine base, in violation of 21 U.S.C. Sec. 841 and 18 U.S.C. Sec. 2. Pursuant to an agreement with the government, Stearnes entered a plea of guilty to both charges on March 8, 1993, admitting his involvement in the conspiracy and the August 26 transaction. Because Stearnes distributed more than fifty grams of cocaine and had a prior conviction for a felony drug offense, the plea agreement explicitly noted that he was subject to a mandatory minimum sentence of twenty years imprisonment pursuant to 21 U.S.C. Sec. 841(b)(1)(A).
 
 
 4
 At his July 27 sentencing hearing, Stearnes argued that the treatment of crack for purposes of sentencing under Section 841(b) as the equivalent of one hundred times the same amount of powdered cocaine is unconstitutional. The district court rejected Stearnes' objection and, in keeping with the statutory mandate, sentenced Stearnes to a twenty-year term of incarceration. This timely appeal followed.
 
 
 5
 Stearnes raises a plethora of constitutional challenges to his sentence. Arguing that the sentencing scheme is arbitrary and discriminates on the basis of race, Stearnes urges this Court to find that Section 841(b) violates the Due Process Clause, the Equal Protection Clause, and the Eighth Amendment's prohibition against cruel and unusual punishment. This is an entreaty we must refuse. In recent cases, this Court "repeatedly has upheld the cocaine-crack equivalency against all manner of constitutional attack, including the claim of racial discrimination." United States v. Reece, 994 F.2d 227, 278 (6th Cir.1993) (collecting cases); see United States v. Williams, 962 F.2d 1218, 1227 (6th Cir.) (penalty scheme under Section 841(b) does not violate equal protection standards), cert. denied, 113 S.Ct. 264 (1992); United States v. Pickett, 941 F.2d 411, 418 (6th Cir.1991) (one to one hundred ratio of crack to cocaine does not violate due process standards or constitute cruel and unusual punishment under the Eighth Amendment). As we are bound by the decisions of another panel of this Court, Salmi v. Secretary of Health and Human Services, 774 F.2d 685, 689 (6th Cir.1985), we reject Stearnes' constitutional claims.
 
 
 6
 We also note that Stearnes cannot contest the district court's refusal to grant a downward departure pursuant to Section 5K2.0 of the Sentencing Guidelines. It is well established that "a district court's refusal to depart downward from a sentence within the properly computed guideline range is not appealable." Pickett, 941 F.2d at 417-18. Moreover, a statutorily mandated minimum sentence cannot be reduced by a Sentencing Guidelines provision. United States v. Goff, 6 F.3d 363, 366-67 (6th Cir.1993). Stearnes' challenge thus lacks merit.
 
 
 7
 For the foregoing reasons, the judgment of the district court is affirmed.