23 F.3d 407
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Anthony J. LOLAKIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-4337.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1994.
 
 Before: MARTIN, NORRIS and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court order denying his motion to vacate, set aside or correct sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Anthony J. Lolakis pleaded guilty to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). He was sentenced to serve seventy-eight months of imprisonment and five years of supervised release. He did not appeal his conviction or sentence.
 
 
 3
 In his motion to vacate his sentence, Lolakis maintained that the district court erred at sentencing by failing to reduce his sentence for his minor role in the offense pursuant to U.S.S.G. Sec. 3B1.2. Lolakis also alleged that he received ineffective assistance of counsel because counsel failed to request the reduction at sentencing.
 
 
 4
 Upon review, we conclude that the motion to vacate was properly denied. Lolakis has not shown a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 5
 First, Lolakis is not entitled to challenge the district court's application of the sentencing guidelines through a collateral proceeding under 28 U.S.C. Sec. 2255 because the claim could have been raised on direct appeal. Lolakis has not alleged any cause for the failure to pursue a direct appeal. See Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993).
 
 
 6
 Second, the claim of ineffective assistance of counsel lacks merit. Lolakis has not shown that his counsel's performance was deficient and a reasonable probability that, but for the deficiency, the outcome would have been different. See Strickland v. Washington, 466 U.S. 668, 687 (1984). A request by counsel for a reduction based on the defendant's minor role in the offense would not have affected the outcome. The offense to which Lolakis pleaded guilty exposed him to a mandatory minimum sentence of 120 months. See 21 U.S.C. Sec. 841(b)(1)(A). A district court may not depart from a mandatory minimum sentence except on the motion of the government. 18 U.S.C. Sec. 3553(e). Even if the reduction for a minor role had been applied, Lolakis would not have been entitled to benefit from the reduction to the extent it would result in a guideline range lower than the statutory mandatory minimum. See United States v. Goff, 6 F.3d 363, 366-67 (6th Cir.1993). Review of the record shows that the district court granted the government's motion for a downward departure when it imposed a sentence of seventy-eight months. The guidelines do not authorize a departure upon a motion by the defendant.
 
 
 7
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.