83 F.3d 423
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roy Allen WARD, Defendant-Appellant.
 No. 95-5899.
 United States Court of Appeals, Sixth Circuit.
 April 22, 1996.
 
 1
 Before: MILBURN and BOGGS, Circuit Judges, and QUIST, District Judge.*
 
 ORDER
 
 2
 Roy Allen Ward, a federal prisoner, appeals his conviction and sentence for one count of engaging in a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848 and forfeiture of property pursuant to 21 U.S.C. § 853. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On February 13, 1995, Ward pleaded guilty to the count described above. He subsequently, through counsel, filed a notice of no objections to the presentence investigation report prepared by the probation officer. On June 5, 1995, the district court sentenced Ward to the statutory minimum sentence of 240 months (20 years), which exceeded the range calculated under the Sentencing Guidelines.
 
 
 4
 Ward's court-appointed counsel has filed a brief on appeal and also a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). Although counsel was of the opinion that Ward had no meritorious issues to appeal, he presented three in his brief: (1) whether the district court erred in sentencing Ward to 240 months, (2) whether the forfeiture of Ward's property in addition to his criminal conviction violated the Double Jeopardy Clause, and (3) whether Ward's right of allocution was illegally denied. Ward was notified of his right to file a response to counsel's motion and brief; however, none has been received by this court.
 
 
 5
 Upon review, we grant counsel's motion to withdraw because he has filed an acceptable Anders brief submitting, after a review of the entire record, that there are no worthwhile issues to raise in this appeal. We affirm the district court's judgment because the alleged errors identified by counsel are without merit.
 
 
 6
 The district court did not err in sentencing Ward to the statutory minimum term of 240 months in prison instead of within his lower sentencing guidelines range of 188 to 235 months. Where the statutorily mandated minimum sentence is greater than the maximum of the applicable guidelines range, the statutorily required minimum sentence shall be the guidelines sentence, and the court has no discretion to impose a sentence below the statutory minimum. USSG § 5G1.1(b); United States v. Goff, 6 F.3d 363, 366-67 (6th Cir.1993). Moreover, neither Ward nor his counsel objected to the sentence imposed during the sentencing proceeding; thus, this issue, as well as any other sentencing issue Ward may have asserted, is waived. See United States v. Cullens, 67 F.3d 123, 124 (6th Cir.1995) (per curiam).
 
 
 7
 The forfeiture of Ward's cash and property in addition to his criminal conviction does not violate the constitutional prohibition against double jeopardy. The Double Jeopardy Clause protects a criminal defendant from multiple punishments, as well as multiple prosecutions, for the same criminal offense. United States v. Dixon, 113 S.Ct. 2849, 2855-56 (1993). Ward's property was forfeited pursuant to the criminal forfeiture statute during the same proceeding as his CCE conviction. It is well-settled that Congress may impose multiple punishments for the same conduct without violating the Double Jeopardy Clause, so long as it clearly expresses its intent to do so. United States v. Mohammed, 27 F.3d 815, 819 (2d Cir.), cert. denied, 115 S.Ct. 451 (1994). An examination of the criminal forfeiture statute establishes that Congress clearly intended to impose multiple punishments in cases such as this. See 21 U.S.C. § 853(a).
 
 
 8
 The final issue raised by counsel, that Ward was denied his right of allocution at sentencing, is patently meritless. The sentencing judge expressly asked Ward if he had anything to say or questions to ask before sentence was imposed. Ward responded that he did not. There was no error.
 
 
 9
 We have reviewed the record for other appealable issues and have found none. Accordingly, counsel's motion to withdraw is granted. The district court's judgment, entered on June 7, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation