107 F.3d 872
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Veronica JORDAN, Defendant-Appellant.
 No. 96-3036.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1997.
 
 Before: SILER and BATCHELDER, Circuit Judges; HULL, District Judge.*
 PER CURIAM.
 
 
 1
 The defendant, Victoria Jordan, pled guilty to aiding and abetting the distribution of over five grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2. Her base offense level was 21 and her criminal history category was III, which led to a guideline sentencing range of 46-57 months. However, 21 U.S.C. § 841(b)(1)(B)(iii) mandates a 60-month minimum sentence.
 
 
 2
 Jordan moved for a downward departure, indicating that she is a single mother and that, although her mother could take care of her son, "this care would be inferior to the quality of care provided by [her]." The court found that it was without the power to depart below the statutory mandatory minimum, but made a specific finding that if it had the authority, it would make a downward departure in this case. It then imposed a sentence of 60 months.
 
 
 3
 We now consider whether the district court erred when it determined that it did not have the discretion to depart below the mandatory statutory minimum sentence. For the reasons set out below, we find that it did not have the authority to make a downward departure.
 
 
 4
 The standard of review as to the proper construction and interpretation of the sentencing guidelines is de novo. United States v. Bazel, 80 F.3d 1140, 1141 (6th Cir.), cert. denied, 117 S.Ct. 210 (1996).
 
 
 5
 Jordan argues that the guidelines and the statutes, when read together, are ambiguous. United States Sentencing Guidelines (USSG) section 5G1.1(b) provides, "Where the statutorily authorized minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." Jordan interprets this to means that the ten-year statutory minimum is converted into the guideline sentence. Then, 18 U.S.C. § 3553(b) and USSG Chapter 1, Part A4(b) permit departure from the guideline sentence if the court identifies factors not adequately considered by the guidelines.[1] Therefore, according to Jordan, the district court had discretion to depart from the ten-year guideline sentence for appropriate reasons. Jordan contends that even if her interpretation is not correct, because the statute is ambiguous, she should be given the benefit of the doubt pursuant to the rule of lenity.
 
 
 6
 However, the Supreme Court has noted that the rule of lenity
 
 
 7
 is not applicable unless there is a "grievous ambiguity or uncertainty in the language and structure of the Act," such that even after a court has "seize[d] every thing from which aid can be derived," it is still "left with an ambiguous statute." "The rule [of lenity] comes into operation at the end of the process of construing what Congress has expressed, not at the beginning as an overriding consideration of being lenient to wrongdoers."
 
 
 8
 Chapman v. United States, 500 U.S. 453, 463 (1991) (citations omitted). When 18 U.S.C. § 3553 is read as a whole, it does not produce a result so glaringly ambiguous that the rule of lenity should be called into play. A reading of subsections (e) and (f) make clear that § 3553(b) permits departure from a guideline sentence. In contrast, when a statutory minimum sentence is involved, (e) and (f) are the only means of obtaining a departure. Guideline sentencing is independent of statutory sentencing. In case of conflict, the statutory sentence prevails. Otherwise, the will of the Sentencing Commission would override the will of Congress. Therefore, it is clear that USSG section 5G1.1(b) adopts, rather than displaces, an applicable statutory minimum sentence. United States v. Taylor, 882 F.2d 1018, 1032 (6th Cir.1989). "When the maximum Guideline sentence is less than the statutorily required mandatory minimum, the latter is the effective sentence." United States v. Barnes, 49 F.3d 1144, 1150 (6th Cir.1995).
 
 
 9
 We addressed a similar issue in United States v. Goff, 6 F.3d 363 (6th Cir.1993). There, the defendant was subject to a statutory minimum sentence of ten years. The district court concluded that the defendant suffered from an extraordinary physical impairment within the meaning of USSG section 5H1.4. Accordingly, the court imposed a 120-month sentence, with 60 months to be served in a jail-type institution and 60 months in home confinement. Id. at 365. This court vacated the sentence on the grounds that a statutorily mandated minimum sentence cannot be reduced by the guidelines. Id. at 366. "As the guidelines themselves recognize, where a statutory mandatory minimum sentence and the guidelines conflict, the guidelines must yield, and the statutory minimum sentence prevails." Id. at 366-67. See also United States v. Hodges, 935 F.2d 766, 772 (6th Cir.1991) ("Once the [drug] quantities specified in the statute are established, trial judges are obligated to impose at least the applicable statutory mandatory minimum sentence. In other words, trial courts have no discretion with respect to the application of mandatory minimum sentences." (citations omitted)). Therefore, the district court was correct in determining that it did not have the discretion to depart downward from a statutory mandatory minimum sentence.
 
 
 10
 Assuming, arguendo, that the district court did have discretion to depart downward from the mandatory minimum sentence, Jordan's circumstances do not present the extremely unusual and burdensome family situation necessary for a downward departure under the guidelines. See United States v. McKelvey, No. 92-2310, 1993 WL 339704 (6th Cir. Sept. 1, 1993) (per curiam).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 Chapter 1, Part A4(b) of the USSG provides:
 The sentencing statute permits a court to depart from a guideline-specified sentence only when it finds "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b).