985 F.2d 562
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael LIGGINS, Defendant-Appellant.
 No. 92-5604.
 United States Court of Appeals, Sixth Circuit.
 Jan. 28, 1993.
 
 Before MERRITT, Chief Judge, and KENNEDY and RALPH B. GUY, Jr., Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, Michael Liggins, pleaded guilty to carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). At the time of sentencing, it was agreed by all parties that Liggins had accepted responsibility for his crime; however, since § 924(c) carries a mandatory minimum sentence of five years, the court imposed a sentence of 60 months.
 
 
 2
 On appeal, Liggins argues that the court should have made a downward departure for acceptance of responsibility, notwithstanding the five-year statutory mandatory minimum. We disagree and will affirm the sentence.
 
 
 3
 Congress has provided for limited authority to impose a sentence below a statutory minimum. The statute provides:
 
 
 4
 Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.
 
 
 5
 18 U.S.C. § 3553(e) (Supp.1992).
 
 
 6
 Section 994(n) of title 28, United States Code, reads:
 
 
 7
 The Commission shall assure that the guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed, including a sentence that is lower than that established by statute as a minimum sentence, to take into account a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.
 
 
 8
 Pursuant to the above-quoted statutory sections, the Sentencing Commission promulgated U.S.S.G. § 5K1.1:
 
 
 9
 Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.
 
 
 10
 The commentary to section 5K1.1 goes on to state:
 
 
 11
 Under circumstances set forth in 18 U.S.C. § 3553(e) and 28 U.S.C. § 994(n), as amended, substantial assistance in the investigation or prosecution of another person who has committed an offense may justify a sentence below a statutorily required minimum sentence.
 
 
 12
 U.S.S.G. § 5K1.1, comment. (n. 1).
 
 
 13
 Apart from what has been set forth relative to departures for substantial assistance, there is no authorization for a departure below a mandatory statutory minimum. Since we are not dealing with a requested departure for substantial assistance, the district judge was correct when he concluded that he had no authority to go below 60 months in sentencing the defendant.
 
 
 14
 Although our circuit has never directly addressed this issue[1] in a published opinion,[2] other circuits have. In United States v. Rodriguez-Morales, 958 F.2d 1441, 1444 (8th Cir.1992), the court held: "Thus, the only authority for the district court to depart below the statutorily mandated minimum sentence exists in the plainly stated limitation in section 3553(e)." We agree.[3] Acceptance of responsibility cannot be the basis for a departure below a statutorily mandated sentence.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 We did address this issue in United States v. Dumas, 921 F.2d 650 (6th Cir.1990); however, the panel granted a rehearing in Dumas, and upon rehearing modified its earlier opinion, concluding that since the government had not asked for a downward departure no § 3553(e) departure issue was before the court. United States v. Dumas, 934 F.2d 1387 (6th Cir.1990)
 
 
 [2]
 Several unpublished opinions have addressed this issue in a manner consistent with the decision we reach here. See, e.g., United States v. Thompson, 1992 U.S.App. LEXIS 727 (6th Cir. Jan. 15, 1992); United States v. Pruitt, 1992 U.S.App. LEXIS 539 (6th Cir. Jan. 10, 1992)
 
 
 [3]
 Since we are not dealing with a requested departure for substantial assistance, we find it unnecessary to either adopt or reject the Eighth Circuit's distinction between departure requests made pursuant to 18 U.S.C. § 3553(e) and those made pursuant to U.S.S.G. § 5K1.1. We also do not rule upon the separate issue of whether § 3553(e) applies to statutorily mandated sentences under any circumstances