UNITED STATES of America,
Plaintiff–Appellee,

v.

Carlos Jose POLANCO, a/k/a
Richard Anthony Brown,
Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellant,

v.

Jose Alfredo POLANCO–CAMPAGNA,
a/k/a Jose Alfredo Planco–Campagna,
Defendant–Appellee.

Nos. 94–2198, 94–2544.

United States Court of Appeals,
Eighth Circuit.

Submitted: Dec. 13, 1994.

Decided April 20, 1995.

Virginia Villa, Minneapolis, MN, argued, for appellant.

Nathan Petterson, Asst. U.S. Atty., Minneapolis, MN, argued, for USA.

Leon Trawick, Minneapolis, MN, argued, for appellee in No. 94–2544.

Before MCMILLIAN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and SHAW,* District Judge.

JOHN R. GIBSON, Senior Circuit Judge.

Carlos Jose Polanco pleaded guilty to distributing 49.4 grams of cocaine base ("crack cocaine") in violation of 21 U.S.C. § 841(a)(1) (1988). His half-brother, Jose Alfredo Polanco–Campagna, pleaded guilty to aiding and abetting this distribution in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (1988). The district court sentenced Carlos to the minimum mandatory sentence of 60 months imprisonment and five years of supervised release. Carlos appeals, arguing for reconsideration of *United States v. Rodriguez–Morales*, 958 F.2d 1441 (8th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 375, 121 L.Ed.2d 287 (1992), in which we held that a sentencing judge may not depart below the statutory mandatory minimum absent a government motion under 18 U.S.C. § 3553(e) (1988). The district court sentenced Jose to 36 months imprisonment and five years of supervised release, departing below the guideline sentencing range and the statutory mandatory minimum because of Jose's minimal involvement and relative culpability. The government appeals Jose's sentence, arguing that the district court lacked the authority to depart below the statutory mandatory minimum without a government motion under 18 U.S.C. § 3553(e). We affirm the sentence of Carlos Polanco, but vacate the sentence of Jose Polanco–Campagna.

The codefendants were arrested in Bloomington, Minnesota, after selling 49.4 grams of crack cocaine to an informant for the Hennepin County Sheriff's Office. Following the arrest, the officers executed a search warrant at Carlos' apartment, where Jose was also staying at the time. The officers found eight more grams of crack cocaine in a bedroom closet and a loaded .12 gauge shotgun under Carlos' bed.

All parties concede that Carlos was trafficking narcotics and that Jose was helping Carlos. Carlos obtained the drugs and had been dealing drugs for some time, while Jose had little or no experience. After his indictment, Carlos gave information to the Hennepin County narcotics officers regarding his drug source. This information led to federal charges against four other defendants. Carlos also cooperated with other drug investigations in both Hennepin and Ramsey County and is cooperating with New York police investigating illegal cloning of cellular phones.

Jose and Carlos both pleaded guilty to Count I of a four-count indictment[1], which charged them with aiding and abetting one another and distributing 49.4 grams of crack cocaine. Count I carries a mandatory five year minimum sentence. 21 U.S.C. § 841(b)(1)(B) (1988 & Supp. V 1993). The district court sentenced Carlos and Jose to 60 and 36 months respectively, followed by five years of supervised release for each.

■ The district court's interpretation of the scope of a sentencing guideline is a question of law which we review de novo. *United States v. Werlinger*, 894 F.2d 1015, 1016 (8th Cir.1990). We discuss each sentence and appeal separately.

## I.

Carlos' plea agreement provided that, in exchange for his substantial assistance in providing information about narcotics trafficking activities, the government would file a motion for departure from the guideline range, U.S.S.G. § 5K1.1, p.s. (Nov. 1994), but expressly stated that the government would not make a motion under 18 U.S.C. § 3553(e) for departure below the statutory mandatory minimum. The agreement stated that Count I carried a statutory mandatory minimum of five years imprisonment.

---

* The HONORABLE CHARLES A. SHAW, United States District Judge for the Eastern District of Missouri, sitting by designation.

1. The district court dismissed Counts II through IV on the government's motion.

The district court determined Carlos' total offense level to be 31 [2] and his criminal history category to be II, with a presumptive guideline imprisonment range of 121 to 151 months, a supervised release range of four to five years, and a fine range of $15,000 to $2 million.[3] Pursuant to the plea agreement, the government made a section 5K1.1 motion due to Carlos' substantial assistance, but did not make a separate section 3553(e) motion. The district court granted the government's section 5K1.1 motion, departing downward from 121 to 60 months imprisonment. The district court then stated that, absent a section 3553(e) motion, Eighth Circuit law would not permit further departure. *See Rodriguez–Morales*, 958 F.2d at 1447 (holding that "[o]nly a government motion based on section 3553(e) will allow the court to depart below the mandatory minimum;" a motion pursuant to section 5K1.1 alone is insufficient).

On appeal, Carlos contends that the district court should have the discretion to impose a sentence below the statutory mandatory minimum whenever the government files a motion for guideline departure under section 5K1.1, regardless of whether the government has also filed a motion under section 3553(e). We affirm Carlos' sentence for two reasons, neither of which require extensive discussion: (1) Carlos waived any objection to his sentence by acknowledging in his plea agreement that five years was the statutory mandatory minimum, and by accepting the benefit of the plea, *United States v. Livingston*, 1 F.3d 723, 725 (8th Cir.1993); *United States v. Womack*, 985 F.2d 395, 399–400 (8th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 276, 126 L.Ed.2d 227 (1993); and (2) we are bound by our decision in *Rodriguez–Morales*, 958 F.2d at 1447, which only the court en banc can overrule. *Liberty Mut. Ins. Co. v. Elgin Warehouse & Equip.*, 4 F.3d 567, 571

(8th Cir.1993). *See United States v. Sanchez*, 32 F.3d 1330, 1336 (8th Cir.1994) (refusing to reconsider *Rodriguez–Morales*), *cert. denied*, —— U.S. ——, 115 S.Ct. 1119, 130 L.Ed.2d 1082 (1995); *Womack*, 985 F.2d at 399 (same).

## II.

Jose's plea agreement stated that the statutory mandatory minimum for Count I was five years, but did not provide for any government departure motion.

The district court determined Jose's total offense level to be 24 [4] and his criminal history category to be I, with a presumptive guideline imprisonment range of 51 to 63 months, a supervised release range of four to five years, and a fine range of $10,000 to $100,000. However, the statutory mandatory minimum of five years narrowed the imprisonment range to 60 to 63 months. *See* U.S.S.G. § 5G1.1 (Nov. 1994) (resolving conflicts between the guideline range and a statutorily required minimum sentence in favor of the statutory minimum).

At sentencing, the district court noted the government's section 5K1.1 motion for Carlos and not for Jose. The government explained that it did not file such a motion for Jose because Jose was unable to provide any assistance due to his lack of information. The court sentenced Jose below the mandatory minimum because "[a]bsent departure, the Guidelines and 21 U.S.C. § 841(b)(1)(B) compel the bizarre and anomalous result that Jose must be sentenced to a mandatory 60-month term of imprisonment, which is as long as that imposed upon his more culpable co-defendant." *United States v. Polanco–Campagna*, No. 4–93–CR–129(02), slip op. at 3 (D.Minn. May 23, 1994). The court determined that this disproportionality of sentence

---

2. Carlos' plea agreement stipulated to a total offense level of 31: a base offense level of 32 (distribution of 49.4 grams of crack cocaine; possession of 8.3 grams of crack cocaine), U.S.S.G. § 2D1.1 (Nov. 1994), plus two levels for possession of a firearm, U.S.S.G. § 2D1.1(b)(1), minus three levels for acceptance of responsibility. U.S.S.G. § 3E1.1 (Nov. 1994).

3. The court imposed no fine against either defendant due to their inability to pay, but ordered both defendants to pay a special assessment of $50.00.

4. The court determined Jose's base offense level to be 30, with a three level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1 (Nov. 1994), and a three level reduction for his role in the offense. U.S.S.G. § 3B1.2 (Nov. 1994).

to culpability was a "mitigating circumstance of a kind ... not adequately taken into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b) (1988); U.S.S.G. § 5K2.0, p.s. (Nov. 1994), *quoted in Polanco–Campagna,* slip op. at 3. The court characterized the government's unwillingness to move for a section 3553 departure as "arbitrary and in bad faith on these facts." *Polanco–Campagna,* slip op. at 4. Accordingly, the court departed below the guidelines and the statutory minimum sentence, and sentenced Jose to 36 months. *Id.*

■ A sentencing court may impose a sentence outside of the applicable guideline range if the court "finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b); U.S.S.G. § 5K2.0, p.s. Whether the circumstances relied upon by the sentencing court to depart are sufficiently unusual to justify departure is a question of law which we review de novo. *United States v. Maxwell,* 25 F.3d 1389, 1400 (8th Cir.), *cert. denied,* ── U.S. ──, 115 S.Ct. 610, 130 L.Ed.2d 519 (1994).

■ Section 3553(b) and guideline section 5K2.0 do not permit departure from a statutory mandatory minimum, but rather from the applicable guideline range. *Cf. Rodriguez–Morales,* 958 F.2d at 1444 (holding that the plain language of U.S.S.G. § 5K1.1, its application notes and its commentary do not provide for departure below the statutory mandatory minimum, only for departure below the guidelines sentence). At the time of Jose's sentencing, the only means to depart below a statutory minimum sentence was found in 18 U.S.C. § 3553(e).[5] Without a section 3553(e) motion or the unconstitutional refusal of one, *United States v. Romsey,* 975 F.2d 556, 557–58 (8th Cir.1992), the district court had no authority to depart below the statutory minimum.

Section 3553(e) states that "[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance." Because Jose was unable to provide any assistance to the government, the government did not move for a section 3553(e) departure. The government's failure to move for· a section 3553 departure was neither arbitrary, in bad faith, nor unconstitutional.

■ Even assuming section 3553(b) would allow the district court to depart below the statutory minimum, the circumstances presented do not justify a section 3553(b) departure. To warrant a departure under section 3553(b) and its accompanying guideline, U.S.S.G. § 5K2.0, there must be an aggravating or mitigating circumstance "of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b); U.S.S.G. § 5K2.0, p.s. In granting Jose a departure under § 3553(b) and § 5K2.0, the district court relied primarily on three factors: (1) the disproportionality between the sentences of Jose and Carlos; (2) Jose's lack of previous criminal involvement; and (3) the government's "bad faith" failure to move for a section 3553 departure.

■ Disparity between sentences imposed on codefendants is not a proper basis for departure. Jose "cannot rely upon his [codefendant's] sentence as a yardstick for his own." *United States v. Granados,* 962 F.2d 767, 774 (8th Cir.1992). Although Congress intended the guidelines to promote proportionality and uniformity in sentencing, *see* U.S.S.G. Ch. 1, Pt. A, intro. comment 3 (Nov. 1994), "disparity will always exist so long as sentences are based upon the specific facts of each individual defendant's case." *Granados,* 962 F.2d at 774. *See also United States v. Brown,* 29 F.3d 953, 959 (5th Cir.) (holding that a district court may not depart downward based solely on the sentencing disparity between codefendants or coconspirators), *cert. denied,* ── U.S. ──, 115 S.Ct. 587, 130 L.Ed.2d 501 (1994); *United States v. Hall,* 977 F.2d 861, 864 (4th Cir.1992) (same); *United States v. Wogan,* 938 F.2d 1446, 1448–49 (1st Cir.) (same), *cert. denied,* 502

---

**5.** Congress has since enacted 18 U.S.C. § 3553(f)     as discussed below.

U.S. 969, 112 S.Ct. 441, 116 L.Ed.2d 460 (1991); *United States v. Joyner,* 924 F.2d 454, 460–61 (2d Cir.1991) (same). Consideration of a codefendant's sentence would "create, rather than alleviate, disparity among the sentences imposed nationwide upon federal defendants convicted of similar crimes." *Hall,* 977 F.2d at 864, n. 4. Therefore, "[t]he greater uniformity trumps the lesser disparity." *United States v. Mejia,* 953 F.2d 461, 468 (9th Cir.1991), *cert. denied,* 504 U.S. 926, 112 S.Ct. 1983, 118 L.Ed.2d 581 (1992). The sentencing court's desire to proportionalize sentences between codefendants is not, and by itself cannot be, an aggravating or mitigating circumstance justifying a section 5K2.0 departure.

Likewise, the fact that Jose has no criminal record cannot justify a section 5K2.0 departure. Although relevant, "the Sentencing Commission has adequately accounted for the absence of a criminal record in structuring the sentencing table." *United States v. Neil,* 903 F.2d 564, 566 (8th Cir.1990). Departure on this basis "is an incorrect application of the guidelines." *United States v. Simpson,* 7 F.3d 813, 819 (8th Cir.1993).

▪ Nor are these circumstances present to a degree not considered by the Sentencing Commission. Neither perceived disproportionality in sentencing nor a lack of criminal history suffice to take Jose's case from the "heartland" established by the guidelines. U.S.S.G. Ch. 1, Pt. A, intro. comment 4(b) (Nov. 1994). *See United States v. Goff,* 20 F.3d 918, 919 (8th Cir.), *cert. denied,* — U.S. ——, 115 S.Ct. 482, 130 L.Ed.2d 395 (1994). However, these factors may be considered in determining Jose's sentence within the applicable guideline range. *See United States v. Stanton,* 975 F.2d 479, 481–82 (8th Cir.1992) (holding that a co-defendant's sentence may be considered in sentencing a defendant within the guideline range), *cert. denied,* — U.S. ——, 113 S.Ct. 1331, 122 L.Ed.2d 715 (1993). Finally, the government's refusal to request departure under either section 3553(e) or section 5K1.1 cannot be grounds for a section 5K2.0 departure in this case, as the government based its refusal solely on Jose's inability to provide substantial assistance, not on bad faith or arbitrariness.

▪ For these reasons, we conclude that the departure granted is not warranted. Accordingly, we reverse the district court, vacate Jose's sentence, and remand for resentencing. Upon remand, the court should consider section 80001(a) of the Violent Crime Control and Law Enforcement Act of 1994, Pub.L. No. 103–322, 1994 U.S.C.C.A.N. (108 Stat.) 1985–86 (to be codified at 18 U.S.C. § 3553(f)) and U.S.S.G. § 5C1.2 (Nov. 1994) [6]. *See* 18 U.S.C. § 3553(a)(4), (5) (1988); *United States v. Edgar,* 971 F.2d 89, 93 n. 4 (8th Cir.1992) (district court shall apply guidelines in effect at the time of resentencing, unless an *ex post facto* problem would result).

Section 3553(f) allows the sentencing court to impose a sentence within the guidelines, without regard to the statutory mandatory minimum, if:

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or

---

**6.** Both 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 apply to sentences imposed after September 23, 1994.

plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f), *quoted verbatim in* U.S.S.G. § 5C1.2. These provisions broaden Jose's sentencing range to the guideline range of 51–63 months imprisonment. The government conceded at oral argument that section 5C1.2 would apply to Jose's sentencing, provided he fulfills the fifth requirement prior to resentencing. The initial consideration of that issue lies with the trial court.

We affirm the sentence of Carlos Jose Polanco, but reverse the sentence of Jose Alfredo Polanco–Compagna. We remand Jose's case for resentencing consistent with this opinion.