_____

No. 95-2903
_____

United States of America,       *
                             *

      Appellee,         *
                             *  Appeal from the United States
   v.                   *  District Court for the
                             *  Eastern District of Missouri.
Donnell DeWayne Robinson,    *     [UNPUBLISHED]
                             *

      Appellant.       *

_____

Submitted:  December 29, 1995

Filed:  January 19, 1996
_____

Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
_____

PER CURIAM.

Donnell DeWayne Robinson, an African-American, appeals the 97-month sentence imposed by the district court[1] after he pleaded guilty to distributing cocaine base (crack) and possessing crack with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and to possessing a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c).  We affirm.

Following the preparation of his presentence report, Robinson objected to his offense-level calculation.  Robinson contended that no scientific difference existed between crack cocaine and powder cocaine, and that the penalty provisions set forth in 21 U.S.C. § 841(b) were thus rendered inapplicable by operation of the rule

_____

[1]The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

of lenity.  He also argued that Congress enacted section 841(b) in an arbitrary and irrational manner, resulting in a disparate impact upon African-Americans in violation of his due process and equal protection rights.

Robinson relied on United States v. Davis, 864 F. Supp. 1303 (N.D. Ga. 1994), appeal pending (No. 95-8057 11th Cir.), in which the district court, after an evidentiary hearing, held that the terms "cocaine" and "cocaine base" were synonymous; that the penalty provisions of section 841(b) set forth a scientifically meaningless distinction between cocaine and cocaine base; and that the heightened penalties for cocaine base must be ignored by operation of the rule of lenity.  864 F. Supp. at 1309.  In support, Robinson submitted copies of the Davis court records-- including Davis's memorandum of law, the hearing transcript, and the district court's decision.  Robinson renews his claims on appeal.

We conclude Robinson's rule-of-lenity argument is foreclosed by our decision in United States v. Jackson, 64 F.3d 1213, 1219-20 (8th Cir. 1995), and his due process and equal protection arguments are foreclosed by our decision in United States v. Jackson, 67 F.3d 1359, 1367 (8th Cir. 1995).  Robinson urges us to reconsider Jackson, 64 F.3d 1213, but only the court en banc can overrule the decision of another panel of the court.  United States v. Polanco, 53 F.3d 893, 896 (8th Cir. 1995), pet. for cert. filed, No. 95-5022 (U.S. June 29, 1995).  We need not address Robinson's contention that a "less deferential" or "heightened" rational-basis test applies, because he did not raise this argument below and there is no plain error.  See Fritz v. United States, 995 F.2d 136, 137 (8th Cir. 1993), cert. denied, 114 S. Ct. 887 (1994).

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.