# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 96-3676

———————

United States of America,          *
                                   *
          Appellant,               *
                                   *  Appeal from the United States
     v.                            *  District Court for the
                                   *  District of Minnesota.
Lee Otis Hall,                     *
                                   *        [UNPUBLISHED]
          Appellee.               *

———————

Submitted:  March 17, 1997

Filed: March 25, 1997

———————

Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.

———————


PER CURIAM.


     The government appeals the district court's sua sponte grant to Lee Otis Hall of a downward departure below the statutory mandatory minimum, after Hall pleaded guilty to possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).  We reverse, and remand for resentencing.

     The government declined to move for a downward departure under 18 U.S.C. § 3553(e) because Hall had rebuffed its invitation to cooperate in the prosecution of his co-conspirators, one of whom was his stepson.  After acknowledging the propriety of the government's decision, however, the district court sua sponte granted a 19-month departure below the statutory mandatory minimum.

We conclude the district court had no authority to depart below the mandatory minimum. Neither the court nor Hall suggest that Hall provided substantial assistance warranting departure under section 3553(e). Cf. United States v. Polanco, 53 F.3d 893, 897 (8th Cir. 1996) (reversing district court's downward departure below five-year mandatory minimum where government had not filed section 3553(e) motion and failure to do so was neither arbitrary, in bad faith, nor unconstitutional). Likewise, as Hall had at least two criminal history points, the district court had no authority under section 18 U.S.C. § 3553(f) to grant a downward departure. See 18 U.S.C. § 3553(f) (sentencing court may depart below mandatory minimum if defendant does not have more than one criminal history point).

Accordingly, we reverse the district court and remand for resentencing.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.