

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-21-2000

# United States v Santiago

Precedential or Non-Precedential:

Docket 99-1158

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

Recommended Citation

"United States v Santiago" (2000). *2000 Decisions.* Paper 13.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/13

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed December 20, 1999

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 99-1158

UNITED STATES OF AMERICA

v.

ROBERT SANTIAGO,

      Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal. No. 98-cr-00128-1)
District Judge: Hon. Robert S. Gawthrop, III

Submitted Pursuant to Third Circuit LAR 34.1(a)
Friday, November 5, 1999

BEFORE: NYGAARD, McKEE, and GARTH, Circuit Judges.

(Filed: December 20, 1999)

      Louis T. Savino, Jr.
      Two Penn Center Plaza
      15th & John F. Kennedy Boulevard
      Suite 1516
      Philadelphia, PA 19102

      Attorney for Appellant
      Robert Santiago


      Michael R. Stiles
      United States Attorney
      Walter S. Batty, Jr.
      Assistant United States Attorney
      Chief of Appeals
      Patrick C. Askin
      Special Assistant United States
       Attorney
      Office of the United States Attorney
      Room 1250
      615 Chestnut Street
      Philadelphia, PA 19106

      Attorneys for Appellee
      United States of America

OPINION OF THE COURT

GARTH, Circuit Judge.

The District Court convicted Appellant Robert Santiago ("Santiago") on federal drug violations and subsequently sentenced him to the required mandatory minimum of ten years imprisonment. In this appeal, Santiago contends that the District Court erred in denying his motion for a downward departure from the mandatory minimum sentence pursuant to section 5K2.0 of the United States Sentencing Guidelines ("Sentencing Guidelines"). We will affirm the sentence given by the District Court.

I

On February 18, 1998, federal agents recorded two telephone conversations in which two men -- Santiago and Angel Quinones -- discussed a cocaine transaction. The next day, these same agents recorded three new conversations through which the Santiago and Quinones disclosed the specific location of the transaction-- Quinones's home in the 2100 block of Haworth Street in Philadelphia.

Later that same day, Santiago arrived at Quinones's home, and began to converse with Quinones as federal

2

agents listened nearby. After Santiago presented Quinones with $12,000, Quinones provided Santiago with a kilogram of cocaine. The federal agents arrested Santiago once the transaction was complete and he had left Quinones's home.

On March 24, 1998, a federal grand jury filed an indictment against Santiago, alleging violations of 21 U.S.C. S 841(a)(1), which prohibits the possession of a controlled substance with the intent to distribute. Santiago initially pled not guilty, but later entered a plea of guilty to this charge. At the time, Santiago had been serving a term of probation from a prior Pennsylvania drug conviction, and as such, his federal offense operated as a probation violation. Judge Legrome Davis of the Court of Common Pleas for the City of Philadelphia sentenced Santiago to a term of two to five years in the state prison system.

The District Court held Santiago's federal sentencing hearing on February 16, 1999. Although the United States Sentencing Guidelines provided for a sentencing range of between 70-87 months incarceration, a prior federal drug conviction subjected Santiago to a mandatory minimum

sentence of ten years in prison. See 21 U.S.C. S 841(b)(1)(B). Santiago moved the District Court for a downward departure from Sentencing Guidelines range and the mandatory minimum sentence pursuant to section 5K2.0 of the Sentencing Guidelines, arguing that he had been the victim of a shooting accident that initially left him paralyzed. Santiago has regained the use of his legs, but continues to experience medical difficulties.

Although sympathetic to Santiago's plight, the District Court, in an order filed on February 17, 1999, sentenced Santiago to 120 months imprisonment, to be served concurrently with his state court sentence, and eight years of supervised release. Santiago filed a timely notice of appeal.

II

A

At the outset, we must determine whether we possess the authority to entertain Santiago's claim of error. We have

3

repeatedly held that this Court lacks jurisdiction to hear a challenge to a District Court's ruling on a motion pursuant to section 5K2.0 of the Sentencing Guidelines if the District Court rested such a ruling on an exercise of discretion. See, e.g., United States v. McBroom, 124 F.3d 533, 541 n.9 (3d Cir. 1997); United States v. Mummert, 34 F.3d 201, 205 (3d Cir. 1994). To the contrary, if the District Court "believe[s] that a departure was legally impermissible under the guidelines," we may exercise "jurisdiction to determine whether the court's understanding of the guidelines was correct." McBroom, 124 F.3d at 541.

In this matter, the District Court explicitly stated that it believed that a downward departure, pursuant to section 5K2.0, from a mandatory minimum sentence was improper as a matter of law. App. at 32-33. As a result, we may entertain Santiago's challenge to the District Court's ruling. Because the District Court's ruling therefore rests upon a particular construction of the Sentencing Guidelines, we exercise plenary review. See McBroom, 124 F.3d at 541; United States v. Oser, 107 F.3d 1080, 1083 (3d Cir. 1997).

B

A District Court must generally provide sentences in concert with the provisions of the Sentencing Guidelines. See 18 U.S.C. S 3553(a)(4)(A). The court may, however, deviate from the applicable Sentencing Guidelines range if

"there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." Id. S 3553(b). The United States Sentencing Commission explicitly added this statutory provision to the Sentencing Guidelines at section 5K2.0.

Although section 5K2.0 consistently speaks in terms of a departure from the Guidelines, using such a phrase no less than eight times, see U.S.S.G. S 5K2.0, Santiago argues that the provision also authorized the District Court to effectuate a downward departure from the minimum statutory sentence mandated for the crime of which he was convicted. We do not agree. Any deviation from the statutory minimum sentence can only be had through the

4

specific procedures established through 18 U.S.C. SS 3553(e), 3553(f), which are not applicable here.

At least four of our sister circuits concur. In United States v. Polanco, 53 F.3d 893 (8th Cir. 1995), the Eighth Circuit found that "[s]ection 3553(b) and guideline section 5K2.0 do not permit departure below the statutory mandatory minimum . . . without a section 3553(e) motion or the unconstitutional refusal of one . . . the District Court had no authority to depart below the statutory minimum." Id. at 897. Further, the Seventh Circuit has held that "a departure from a minimum sentence prescribed by statute ... was available only on motion of the prosecutor under section 3553(e)." United States v. Brigham, 977 F.2d 317, 320 (7th Cir. 1992) (emphasis added). Both the Fourth and Ninth Circuits have issued similar holdings. See United States v. Daniels, No. 98-4732, 1999 WL 496594, at *1 (4th Cir. July 13, 1999); United States v. Valente, 961 F.2d 133 (9th Cir. 1992); cf. Melendez v. United States, 518 U.S. 120, 126-27 (1996) (holding that a District Court may not provide a downward departure from a mandatory minimum sentence through the auspices of U.S.S.G. S 5K1.1).

In support of his arguments of error, Santiago only cites the Supreme Court's decision in Koon v. United States, 518 U.S. 81 (1996). Koon, however, only reinforces what the plain language of section 5K2.0 explicitly states-- that a District Court may depart from the applicable Guidelines range if "certain aspects of the case [are] found unusual enough for it to fall outside the heartland of cases in the Guidelines." Id. at 98. Because the instant matter concerns the application of a mandatory minimum sentence, rather than the Guidelines, Koon provides Santiago with little assistance.

Both the plain language of the relevant statutory and Guidelines provisions, the context in which Congress has placed such provisions, and the jurisprudence of a number of our sister circuits all point in one direction: a District Court lacks the authority to lower a mandatory minimum sentence via section 5K2.0 of the Guidelines. We will therefore affirm the sentence imposed by the District Court.

A True Copy:
Teste:

Clerk of the United States Court of Appeals
for the Third Circuit