We therefore hold that the district court was correct in its belief that its general discretion under the guidelines to depart downward could not be used with regard to the mandatory sentence applied to Burke under 18 U.S.C. § 924 (c)(1)(A)(i). A statutory minimum constrains the procedures of the guidelines, including the procedures for downward departures. The exceptions to the application of statutory minimums are narrow, and they do not apply here, nor does Mrs. Burke argue that they do. We conclude that our rule in *Goff* is consistent with the rule of our sister circuits. *See*, *e.g.*, *Santiago*, 201 F.3d at 187. In the absence of one of the exceptions set out in §§ 3553(e),(f), or such other similar exceptions as Congress may create, defendants may not be sentenced, by means of a downward departure, to a term of imprisonment or other punishment below the minimum imposed by the statute under which they were convicted.

## III

Burke's sentence as imposed by the district court is AFFIRMED.

---

*Guidelines*, 63 **U. Cin. L. Rev.** 1851, 1877-78 (1995). However, these operate as largely independent mechanisms, which co-exist somewhat uneasily. *See*, *e.g.*, Justice Stephen Breyer, *Federal Sentencing Guidelines Revisited*, 14 **Crim. Just**. 28, 33 (Spring, 1999) (arguing "statutory mandatory sentences prevent the [sentencing] commission from carrying out its basic, congressionally mandated task").

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2001 FED App. 0024P (6th Cir.)
File Name:  01a0024p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

        *v.*                                          No. 99-6129

SHARON ANN BURKE,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Kentucky at Frankfort.
No.  98-00020—Joseph M. Hood, District Judge.

Argued:  December 5, 2000

Decided and Filed:  January 19, 2001

Before:  BOGGS and GILMAN, Circuit Judges; and
BECKWITH, District Judge.[*]

———————

**COUNSEL**

**ARGUED:**   Christopher Michael Olds, BUBENZER & ASSOCIATES, Frankfort, Kentucky, for Appellant. James E. Arehart, ASSISTANT UNITED STATES ATTORNEY,

---

[*]   The Honorable Sandra S. Beckwith, United States District Judge for Southern District of Ohio, sitting by designation.

Lexington, Kentucky, for Appellee.    **ON BRIEF:** Christopher Michael Olds, BUBENZER & ASSOCIATES, Frankfort, Kentucky, for Appellant. Charles P. Wisdom, Jr., Mark A. Wohlander, ASSISTANT UNITED STATES ATTORNEYS, Lexington, Kentucky, for Appellee.

---

## OPINION

---

BOGGS, Circuit Judge.  Sharon Burke was convicted in a bench trial on two counts of armed bank robbery, 18 U.S.C. §§ 2113(a),(d), and for carrying a firearm in relation to a crime of violence, 18 U.S.C. § 924(c).  Burke pled not guilty, modifying this to not guilty by reason of insanity.  At her sentencing, the lower court departed downward from the applicable sentencing guidelines for armed bank robbery, based on a finding of diminished capacity. USSG § 5K2.13. For these crimes, the district court sentenced Burke to restitution and a term of probation.  However, the lower court declared itself without discretion to depart, on the basis of diminished capacity, from the sentence for the 18 U.S.C. § 924(c) offense, which carries a statutory minimum of 60 months; Burke received this minimum sentence.  Burke now appeals this portion of her sentence, arguing the lower court erroneously believed it was without discretion to depart.  We affirm Burke's sentence.

## I

Mrs. Burke has a history of chronic mental problems variously diagnosed  as "depression, anxiety, obsessive-rumination, anger, resentment, and impulsive behavior." Others have diagnosed her as a chronic manic-depressive. All diagnostic physicians agreed that Mrs. Burke, although competent to stand trial, had serious mental problems requiring treatment (but not institutionalization).  Burke claims to have received intermittent treatment for depression for a quarter-century, since her twenties.  According to her, her condition worsened in late 1997. She was terminated from

*States v. Goff*, 6 F.3d 363, 366-67 (6th Cir. 1993) (citing USSG § 5G1.1(b)).

Burke attempts to evade the rule of *Goff* by arguing that a downward departure is somehow independent of a "guideline sentence" and thus may still be applied when a guideline sentence is superseded by a statutory one.  Burke cites no case to support this proposition, which is inconsistent with "[b]oth the plain language of the relevant statutory and Guidelines provisions, [and] the context in which Congress has placed such provisions[.]" *Santiago*, 201 F.3d at 188 (rejecting this same proposition).  The rules governing downward departures are an integral part of the guideline sentencing scheme, allowing a sentencing court to "impose a sentence outside the range established by the applicable *guidelines*. . . . " USSG § 5K2.0, p.s. (emphasis added).  The authority to depart downward is given as part of the legislation establishing the guidelines, to allow courts to retain a  limited portion of their traditional discretion where "there exists an aggravating or mitigating circumstance . . . not adequately taken into consideration by the Sentencing Commission in formulating the *guidelines* . . . . " 18 U.S.C. § 3553(b) (emphasis added).

The process of giving downward departures is further governed by reference to "the structure and theory of both relevant individual guidelines and the Guidelines taken as a whole."  *Koon v. United States*, 518 U.S. 81, 96 (1996) (citation omitted).  There is no indication in these authorities that downward departures are separate from the guidelines of which they are a part, or that they may apply to sentences generated from separate sources of law, such as mandatory minimum sentences, in the absence of specific statutory authority.[2]

---

[2] The Sentencing Guidelines are designed, in part, to limit judicial discretion in sentencing. *See Mistretta v. United States*, 488 U.S. 361, 363 (1989). So too are mandatory minimum sentence laws, many of which were enacted during the same time period the Guidelines were, and were motivated by similar concerns.  *See* Phillip Oliss, Comment, *Mandatory Minimum Sentencing: Discretion, the Safety Valve, and the Sentencing*

employment with the Department of Workers Claims in May 1998 for unreliability and threatening staff with physical harm.

Apparently due to her unemployment and accompanying financial distress, coupled with her ceasing to use a prescription antidepressant, Burke became desperate and decided to take up robbing banks because "I don't have anything to lose." According to her, the idea of robbing a bank became a "fixation."

Using a handgun, Burke robbed the Fifth Third Bank in Shelbyville, Kentucky on August 31, 1998. She escaped with $13,691, after orally instructing the teller to give her money, and attempting to trap bank employees and customers in the vault. The money she had taken, however, included dye packs, which promptly exploded in Burke's vehicle, marking the currency. Burke repeatedly attempted to wash the money in her washing machine, destroying it in the process. This lost $13,691 was the basis of the restitution ordered by the lower court.

Burke, frustrated in her first attempt, tried again using a somewhat different approach on September 10, 1998. She handed an elaborate hold-up note to a teller in Versailles, Kentucky, claiming to be "wired for sound," and to have accomplices who had abducted children related to bank employees, children who would be harmed if she was not given $500,000 in unmarked bills without security bombs ("what we call 'clean' money," according to the note). In this robbery, she left the bank with $258,000, but the employees had activated their alarm, and Burke was immediately apprehended by Versailles police. Burke initially gave out a concocted story about being forced to commit the robbery by three men threatening harm to her grandchildren, later retracting it.

At her trial, Burke claimed to have been legally insane during the two robberies. The defense psychiatrist testified she was unable to comprehend the wrongfulness of her actions. The government psychiatrist disagreed, while

*Ibid.* (citation omitted).

In *United States v. Santiago*, 201 F.3d 185, 187 (3rd Cir. 1999), the Third Circuit held that "[a]ny deviation from the statutory minimum sentence can only be had through the specific procedures established through 18 U.S.C. §§ 3553(e), 3553(f), which are not applicable here." In *United States v. Polanco*, 53 F.3d 893 (8th Cir. 1995), the Eighth Circuit found that "[s]ection 3553(b) and guideline section 5K2.0 do not permit departure below the statutory mandatory minimum . . . . Without a section 3553(e) motion or the unconstitutional refusal of one, the district court had no authority to depart below the statutory minimum." *Id.* at 897 (citation omitted). Both the Seventh and Eleventh Circuits have issued similar holdings. *See United States v. Brigham*, 977 F.2d 317, 320 (7th Cir. 1992) (holding that "a departure from a minimum sentence prescribed by statute . . . was available only on motion of the prosecutor under section 3553(e)."); *United States v. Reynolds*, 215 F.3d 1210, 1215 (11th Cir. 2000) (denying the existence of discretion to go below statutory minimum based on grounds other than substantial assistance). *See also United States v. Daniels*, No. 98-4732, 1999 WL 496594 (4th Cir. Jul. 13, 1999) (unpublished) (holding to the same effect).

Our own practice is consistent with this ubiquitous jurisprudence. "Apart from what has been set forth relative to departures for substantial assistance, there is no authorization for a departure below a mandatory statutory minimum." *United States. v. Liggins*, No. 92-5604, 1993 WL 20315 (6th Cir. Jan. 28, 1993) (unpublished). In a published case involving a defendant's poor health, we found "[d]espite [defendant]'s compelling circumstances, the district court had no discretion to impose a sentence below the statutory minimum." *United States v. Smith*, 966 F.2d 1045, 1050 (6th Cir. 1992) (vacating downward departure from statutory minimum for marijuana production). "As the guidelines themselves recognize, where a statutory mandatory minimum sentence and the guidelines conflict, the guidelines must yield, and the statutory minimum sentence prevails." *United*

admitting that Burke had problems that contributed to her actions. Essentially, Burke's defense seems to have been premised more on an "irresistible impulse" theory than the now conventional insanity standard. The lower court, believing Burke knew what she had done was wrong, found her guilty. However, at sentencing, the lower court agreed with the more restrained ("impulse") psychiatric diagnosis of Burke's condition and allowed a "diminished capacity" downward departure. *See* USSG §5K2.13 comment. (n.1) (allowing departure if "defendant . . . has a significantly impaired ability to . . . control behavior that the defendant knows is wrongful").

The district judge denied a downward departure as to Burke's weapons conviction under 18 U.S.C. § 924(c), declaring he could not depart below a statutory minimum sentence (except in the case of a substantial assistance motion under 18 U.S.C. § 3553(e)). The mandatory minimum sentence for Burke's use of a firearm during her first robbery is a term of imprisonment of five years. 18 U.S.C. § 924(c)(1)(A)(i). Although the district judge stated that he found the inability to depart constraining, and appears to have expressed a preference for leniency if this were possible, he concluded that he had no discretion in the matter. He then "direct[ed]" the defendant's counsel to "take it up to Cincinnati and let them tell me that I'm right."

## II

### Standard of Review

A district court's discretionary decision not to depart downward from the Guidelines range ordinarily is not appealable. *United States v. Byrd*, 53 F.3d 144, 145 (6th Cir. 1995). An appeal may be taken, however, when the district court believed that it lacked any authority to depart downward as a matter of law. *United States v. Landers*, 39 F.3d 643, 649 (6th Cir. 1994). The district court's determination that it lacked authority to depart downward is a matter of Guidelines interpretation that we review de novo. *United States v. Thomas*, 49 F.3d 253, 260 (6th Cir. 1995).

### Authority to Depart Downward

A district court must generally sentence in accordance with the provisions of the Sentencing Guidelines. *See* 18 U.S.C. § 3553(a)(4)(A). The court may, however, deviate from the applicable Sentencing Guidelines range if "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b). The ability to depart downward below a statutory minimum sentence is authorized in a section captioned "[l]imited authority to impose a sentence below a statutory minimum." 18 U.S.C. § 3553(e). This authority is limited to motions made by the government for substantial assistance.[1] *Ibid.* All courts addressing whether this represents the exclusive route to depart below statutory minimums have concluded that it is.

Most recently, the Ninth Circuit has reasserted this principle. *See United States v. Working*, 224 F.3d 1093, 1103 (9th Cir. 2000) (en banc). Letting stand downward departures for other charges on grounds of "aberrant behavior," USSG § 5K2.20, the court squarely rejected defendant's attempt to seek a downward departure for a §924 conviction, stating:

> As a general rule, district courts cannot impose a sentence below a statutory mandatory minimum. An exception to this rule exists if the government moves, pursuant to U.S.S.G. § 5K1.1, for a downward departure based on the defendant's "substantial assistance" to the authorities. In this case, [defendant] provided no such assistance to the government, and thus the district court had no authority to depart from the mandatory minimum five-year sentence imposed under 18 U.S.C. § 924."

---

[1] 18 U.S.C. § 3553(f), the "safety valve" provision, also allows sentences to be imposed below statutory minimums in certain circumstances for drug crimes. This is irrelevant to Burke's § 924 conviction.