**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Herschel WALKER, III, Defendant–
Appellant.**

No. 02–6405.

United States Court of Appeals,
Sixth Circuit.

Sept. 22, 2003.

Gregg L. Sullivan, Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

Herschel Walker, III, pro se, Pollock, LA, Matthew L. Alden, Alden & Alden, Cleveland, OH, for Defendant–Appellant.

Before KRUPANSKY, BOGGS, and CLAY, Circuit Judges.

## ORDER

Herschel Walker, III, a federal prisoner, appeals the sentence imposed on his convictions for drug-related offenses. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

By a superseding indictment, Walker was charged with distribution of 50 grams or more of cocaine base, possession with intent to distribute 5 grams or more of cocaine base, possession with intent to distribute 500 grams or more of cocaine hydrochloride, possession of a firearm in furtherance of a drug trafficking offense, and felon in possession of a firearm. Because of Walker's four prior felony drug offenses, the government also filed a notice of intent to use the prior convictions to enhance punishment pursuant to 21 U.S.C. § 851. Walker pleaded guilty to all charges on March 21, 2002, without benefit of a written plea agreement, and received a mandatory sentence of life in prison on August 16, 2002. *See* 21 U.S.C. § 841(b)(1)(A).

Walker's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he raised two issues. Walker has not filed a response, despite being advised of his right to do so.

Upon review, we conclude that counsel's motion to withdraw should be granted because counsel has filed an acceptable *Anders* brief.

In his first issue, counsel argued that the district court failed to determine if Walker acknowledged his prior convictions as required by 21 U.S.C. § 851(b). At sentencing, the court addressed Walker and stated:

The Court notes that the presentence report indicates that you have four prior convictions for drug trafficking. Three

of the convictions took place on the same date—looks like October 19th, 1990—and then there was an attempted possession of crack for resale that took place in July of 1992, attempted possession for resale. Do you confirm, or deny, those convictions are your convictions?

Walker responded ambiguously by saying, "Yes," and no further discussion of the convictions occurred.

This court reviews a district court's failure to comply with § 851(b) for harmless error. *United States v. Hill,* 142 F.3d 305, 313 (6th Cir.1998). Section 851(b) reads:

> If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

■ In the instant case, the district court did not conduct the prescribed colloquy because it did not insist on a definitive acknowledgment from Walker of his prior convictions. It also did not inform him that he would be unable to challenge the prior convictions after the sentence was imposed. Nonetheless, the error was harmless for the same reasons as in *Hill.*

In *Hill,* this court held that the district court's failure to conduct the prescribed colloquy was harmless for two reasons. 142 F.3d at 313. First, § 851(e) establishes a statute of limitations of five years for challenging the validity of a conviction. 21 U.S.C. § 851(c). Therefore, Hill could not challenge the validity of his prior convictions because each one occurred more than five years before the notice of en-

hancement. *Ibid.* Second, Hill did not comply with § 851(c), which requires a petitioner to notify the district court that he would challenge the prior convictions. So there was no reason for a hearing to determine the validity of the prior convictions. *Ibid.*

Walker was barred by § 851(e) from challenging his prior convictions because the convictions, which occurred in 1990 and 1992, occurred more than five years before the government's notice of enhancement in 2002. Furthermore, Walker did not comply with § 851(c) and notify the district court that he would challenge the prior convictions. Walker neither filed a response to the government's notice of enhancement, nor filed objections to the presentence investigation report, nor made any objections at the sentencing hearing.

Second, counsel argues that the district court should have departed downward because Walker deserved to receive a substantial benefit from pleading guilty to the indictment.

■ No error occurred. In the absence of any statutory exception, a district court's general discretion to depart downward may not be used with regard to a mandatory sentence. *United States v. Burke,* 237 F.3d 741, 745 (6th Cir.2001). Additionally, counsel did not move for a downward departure.

Accordingly, counsel's motion to withdraw is granted, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.