**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 3 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　Plaintiff-Appellee,

v.

JOSE VELASQUEZ-MEZA, also
known as Jose Enrique Gonzalez-
Meza, also known as Jose
Montelongo-Trinidad,

　　　Defendant-Appellant.

No. 02-4176
(District of Utah)
(D.C. No. 96-CR-149-TC)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

　　　After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore,

ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I.  INTRODUCTION

Appellant Jose Velasquez-Meza pleaded guilty pursuant to a plea agreement to one count of possession of methamphetamine with intent to distribute.  The district court sentenced Velasquez-Meza to the minimum mandatory term of ten years after concluding that he did not qualify for a reduced sentenced under 18 U.S.C. § 3553(f), the so-called "safety valve provision."  Velasquez-Meza appeals his sentence by challenging the district court's determination that he was not entitled to the benefit of the safety valve.  He also contends that an obstruction of justice adjustment to his offense level was inappropriately applied and he was improperly denied a minor-participant reduction in his offense level.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms**, concluding that Velasquez-Meza was not eligible for the safety valve provision because he was under a criminal justice sentence when he committed the offense of conviction.  As a result, this court need not consider Velasquez-Meza's assertions regarding the calculation of his offense level.  Furthermore, this court lacks jurisdiction to review the district court's refusal to depart based on an overrepresentation of Velasquez-Meza's criminal history category.

## II.  BACKGROUND

On July 23, 1996, Velasquez-Meza was indicted on one count of possession of 100 grams or more of methamphetamine with intent to distribute in violation of

21 U.S.C. § 841. He was granted pre-trial release but failed to appear at a change of plea hearing. The district court issued a bench warrant on September 8, 1997, which was executed four years later on September 26, 2001 when Velasquez-Meza attempted to unlawfully reenter the United States. Subsequently, Velasquez-Meza pleaded guilty to the possession-with-intent-to-distribute-methamphetamine count pursuant to a plea agreement. In exchange, the government agreed to recommend departure below the minimum mandatory sentence under the safety valve provisions set forth in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2.

In its presentence report, the United States Probation Office placed Velasquez-Meza into a criminal history category of II based upon a criminal history score of three. He was given one criminal history point for a domestic battery charge to which he pleaded guilty pursuant to a plea in abeyance agreement in Utah state court. After completing domestic violence counseling on August 19, 1997, Velasquez-Meza was given good-behavior probation. In accordance with U.S.S.G. § 4A1.1(d), two criminal history points were added for commission of the instant offense while on probation for the state domestic battery charge.

Velasquez-Meza objected to the presentence report, arguing that he was not under a criminal justice sentence at the time he committed the present offense.

He also filed a motion for downward departure, claiming that his criminal history category was overrepresented. In addition to his objections relating to his criminal history category, Velasquez-Meza objected to the imposition of an obstruction of justice enhancement to his offense level. He further asserted that he should have been considered for a minor participant adjustment, thereby further reducing his offense level by two points.

At sentencing, the district court found that the state court plea in abeyance constituted a criminal justice sentence and determined that Velasquez-Meza did not qualify for the safety valve. In addition, the court ruled on the downward departure as follows:

> THE COURT: And maybe I'm not understanding correctly, but once we get into the–once the safety valve does not permit me to do anything–and I know you disagree, but just assuming that it does–ten years is–I have no choice but to ten years, I'm afraid, unless I'm misreading that.
>
> MR. JOHNSON [Velasquez-Meza's counsel]: And I think that's why my argument is that he basically is treated as zero to one points if he gets put down into the category one criminal history.
>
> THE COURT: Understood. Well, I believe that given my conclusion that he does have the criminal history points, the two criminal history points set forth in 4A1.1(d), then he does not qualify for the safety valve, and the ten year minimum mandatory trumps any guideline considerations.

Finally, the district court declined to consider Velasquez-Meza's objections relating to adjustments to his base offense level, concluding they were moot.

Consequently, Velasquez-Meza was sentenced to the mandatory minimum term of 120 months.

## III.  DISCUSSION

### A.  Safety Valve Provision

Velasquez-Meza argues that the district court erred by failing to grant him the benefit of the safety valve to the minimum mandatory sentence.  This court reviews a district court's determination of whether a defendant qualifies for the safety valve under 18 U.S.C. § 3553(f) for clear error.  *United States v. Gonzalez-Montoya*, 161 F.3d 643, 651 (10th Cir. 1998).  The district court's interpretation of the scope and meaning of section 3553(f) is reviewed *de novo*.  *Id.*

Under 21 U.S.C. § 841(b)(viii), possession of 50 grams or more of methamphetamine with intent to distribute carries a mandatory term of imprisonment for ten years.  However, a defendant may qualify for a departure below the minimum mandatory under the following safety valve provision in the Sentencing Guidelines:

> [I]n the case of an offense under 21 U.S.C. § 841, . . . the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5) set forth verbatim below:
>
> (1)  the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
> . . .

-5-

U.S.S.G. § 5C1.2.[1]

Velasquez-Meza contends that he should have only been assessed one criminal history point which would have then qualified him for the safety valve. Specifically, he argues that the district court erred in adding two points to his criminal history score because his plea in abeyance in Utah state court did not constitute a "criminal justice sentence." Under U.S.S.G. § 4A1.1(d), two points are added to a defendant's criminal history score "if the defendant committed the instant offense while under any criminal justice sentence." The Sentencing Guidelines Commentary further defines "criminal justice sentence" as any sentence under U.S.S.G. § 4A1.2 "having a custodial or supervisory component, although active supervision is not required for this item to apply." U.S.S.G. § 4A1.1 cmt. 4. Section 4A1.2(f) lists "[a] diversionary disposition resulting from a finding or admission of guilt . . . even if a conviction is not formally entered" as a sentence which can be used to calculate a defendant's criminal history.

This court has recently decided that a plea in abeyance in Utah state court constitutes a "criminal justice sentence" because it contains a supervisory component. *United States v. Gorman*, 312 F.3d 1159, 1167 (10th Cir. 2002). In *Gorman*, this court recognized that a plea in abeyance in Utah permitted the state

---

[1]Because this court concludes *infra* that Velasquez-Meza did not meet the first requirement, it is not necessary to address whether the other four requirements for safety valve eligibility were satisfied.

court to refrain from sentencing and impose specific conditions. *Id.* at 1166. Because the conditions imposed under the plea in abeyance resemble conditions of probation, a plea in abeyance in Utah is sufficiently supervisory. *See id.* at 1167. In this case, Velasquez-Meza's plea in abeyance included the condition of completing domestic violence counseling. The requirement of counseling sufficiently resembled a probationary condition because it was conditional to the successful completion of the plea in abeyance agreement. Therefore, in accordance with Tenth Circuit precedent, Velasquez-Meza's plea in abeyance was a criminal justice sentence. Hence, the district court did not err in adding two points to his criminal history score. Moreover, the district court did not err in determining that Velasquez-Meza did not qualify for the safety valve provision.

**B.  Downward Departure**

Velasquez-Meza contends that the district court erred in refusing to grant a downward departure under U.S.S.G. § 4A1.3 from a criminal history category II to criminal history category of I because his criminal history was overrepresented.

A district court's refusal to depart downward from the Sentencing Guidelines is generally not appealable. *United States v. Miranda-Ramirez*, 309 F.3d 1255, 1258 (10th Cir. 2002). This court, however, can exercise jurisdiction if the district court "states that it does not have any authority to depart from the sentencing guideline range for the entire class of circumstances proffered by the

defendant." *United States v. Castillo*, 140 F.3d 874, 887 (10th Cir. 1998). In order to do so, the district court must unambiguously state that it believes it lacks authority to depart. *See United States v. Rodriguez*, 30 F.3d 1318, 1319 (10th Cir. 1994). Ambiguous statements are treated as if the district court was aware of its legal authority to depart but exercised its discretion by choosing not to depart. *United States v. Fortier*, 180 F.3d 1217, 1231 (10th Cir. 1999).

Here, the district court did not unambiguously assert that it had no authority to depart. At most, the district court's statements concerning its ability to depart from the original criminal history category are ambiguous. Accordingly, this court does not have jurisdiction to review Velasquez-Meza's downward departure challenge.[2]

---

[2]Even if the district court had granted the departure, it would have had no impact on Velasquez-Meza's eligibility for the safety valve provision. *United States v. Owensby*, 188 F.3d 1244, 1246 (10th Cir. 1999). Additionally, a departure for an overrepresented criminal history category cannot actually reduce a defendant's criminal history category so that he may qualify for the safety valve provision. *Id.* Accordingly, because Velasquez-Meza does not qualify for the safety valve provision and was subject to the mandatory minimum sentence of ten years, any departure from the criminal history category would have no affect on his sentence. *See, e.g., United States v. Santiago*, 201 F.3d 185, 187 (3d Cir. 1999) ("Any deviation from the statutory minimum sentence can only be had through the specific procedures established through 18 U.S.C. §§ 3553(e), 3553(f). . ."); *cf. United States v. Campbell*, 995 F.2d 173, 175 (10th Cir. 1993) (noting that downward departure from statutory minimum would conflict with purpose of express limited exception in 18 U.S.C. § 3553(e)).

## C.   Adjustments

Velasquez-Meza also argues that he should not have received an adjustment for obstruction of justice and was eligible for the minor participant reduction. His argument, however, has no impact on his sentence because the safety valve provision under which he did not qualify is the only applicable exception to the minimum mandatory.  *See United States v. Santiago*, 201 F.3d 185, 187 (3d Cir. 1999).  Therefore, the district court did not err in refusing to consider any adjustments to Velasquez-Meza's offense level.

## IV.   CONCLUSION

Based upon the foregoing reasons, the district court's determination that Velasquez-Meza was not eligible for the safety valve provision is **AFFIRMED**. Velasquez-Meza's challenge to the district court's denial of the downward departure is **DISMISSED** for lack of jurisdiction.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge