**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 9, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSE VELASQUEZ-MEZA,

    Defendant-Appellant.

No. 05-4138

(D. of Utah)

(D.C. Nos. 05-CV-402-TC and
2:96-CR-149-TC)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.[**]

---

Jose Velasquez-Meza seeks a Certificate of Appealability (COA) to appeal the denial of his Motion to Vacate or Reduce Sentence pursuant to 28 U.S.C. § 2255. Because his motion is untimely, we DENY the COA and DISMISS his appeal.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

## I. Background

On April 22, 2002, Velasquez-Meza pleaded guilty to possession of methamphetamine with intent to distribute and was sentenced to 120 months in prison followed by 60 months of supervised release. He appealed the conviction to this court, and we affirmed on October 3, 2003. He did not file a petition for certiorari. On May 5, 2005, Velasquez-Meza filed a § 2255 motion in the district court, but the district court denied the motion because it was time barred.

## II. Analysis

A circuit court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a claim on procedural grounds and does not reach the merits, the appellant seeking a COA must demonstrate "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In our analysis, we construe Velasquez-Meza's pleadings liberally since he appears pro se. *See Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998).

Here, there can be no debate because Velasquez-Meza's petition was untimely. As the district court explained, for purposes of a § 2255 motion, if a prisoner does not file a petition for certiorari with the United States Supreme Court after losing a direct appeal, the one-year limitation begins to run when the time for filing a petition for certiorari ends. *United States v. Burch*, 202 F.3d

-2-

1274, 1279 (10th Cir. 2000). The time for filing a petition for certiorari would have expired on January 2, 2004, ninety days after this court affirmed Velasquez-Meza's conviction. For the motion to have been timely, Velasquez-Meza would have had to file one year after that. Since he did not file until May 5, 2005, the § 2255 motion is time barred.[1]

### III. Conclusion

For the foregoing reasons, we DENY Velasquez-Meza's application for a COA and DISMISS this appeal. His motion to proceed in forma pauperis is GRANTED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[1] Velasquez-Meza filed a motion for reconsideration in the district court on the ground that his attorney did not inform him that he had the option of seeking certiorari and that he would have done so had he known that was an option. In disposing of that motion, the district court assumed, without deciding, that the statute of limitations would have been tolled in this case, but went on to conclude that the motion was nevertheless meritless. On appeal, Velasquez-Meza does not reassert his claim that the statute of limitations should be tolled. However, were we to reach the merits of his appeal, we could not say that the district court's ruling on the merits was debatable in light of our earlier opinion in this case. *See United States v. Velasquez-Meza*, 76 F.App'x 926 (10th Cir. 2003).